**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Derrick Dushawn WILLIAMS, a/k/a**
**Drak, Defendant–Appellant.**

**No. 93–5748.**

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1994.

Decided July 14, 1994.

**ARGUED:** John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for appellant. David Bernard Smith, Asst.

U.S. Atty./Sr. Litigation Counsel, Greensboro, NC, for appellee. **ON BRIEF:** David F. Tamer, Winston–Salem, NC, for appellant.

Walter C. Holton, Jr., U.S. Atty., Greensboro, NC, for appellee.

Vacated and remanded by published opinion. Judge WILLIAMS wrote the opinion, in which Judge WIDENER and Judge MICHAEL concur.

## OPINION

WILLIAMS, Circuit Judge:

Derrick Dushawn Williams pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(2) (West 1981 & Supp.1994). He was sentenced to 262 months imprisonment. Williams now appeals his sentence, claiming that he was erroneously categorized as a career offender under the Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov.1992). Williams also claims that, on remand, he should be allowed to litigate the drug amounts for which he was held accountable. Because we agree that Williams was improperly classified as a career offender, we vacate his sentence and remand to the district court for resentencing. We find, however, that Williams stipulated to the drug amounts, and therefore, affirm the amounts agreed upon below.

## I.

Williams pled guilty to the conspiracy charge on April 9, 1993, and a Presentence Report (PSR) was prepared. Williams made a number of objections to the PSR including: 1) the amount of cocaine attributed to him; 2) the two level enhancement for possession of a firearm during the course of a conspiracy; 3) the failure to provide for a downward adjustment in light of his minor role in the conspiracy; 4) the two rather than three point reduction for acceptance of responsibility; 5) the conclusion that the adjusted offense level was 38, rendering a total offense level of 36 after the acceptance of responsibility reduction; and 6) the classification as a career offender, which rendered a criminal history category of VI.

After Williams filed his objections to the PSR, and prior to the sentencing hearing, the parties entered into the following stipulations: 1) the role adjustment for a firearm should be zero; 2) the career offender enhancement should bring the adjusted offense level to 37; 3) the reduction for acceptance of responsibility should be 3; and 4) the total offense level should be 34. Although Williams reserved the right to contest the career offender enhancement at the sentencing hearing, the stipulation clearly stated: "[i]n return for the above stipulations, the defendant withdraws all previously-filed objections to the drug amounts as appears [sic] in the Presentence Report." (J.A. at 183.)

Williams did not challenge any drug amounts at the sentencing hearing. However, the court did hear arguments on the applicability of the career offender enhancement, which was predicated on a second degree burglary conviction and an attempted burglary conviction, both in Brooklyn, New York, in 1991. The court rejected defense counsel's arguments, and classified Williams as a career offender. After the reduction for acceptance of responsibility, Williams had a total offense level of 34, and the court sentenced him to 262 months imprisonment. Williams appeals that disposition.

On appeal, Williams argues that, because he sustained the burglary convictions subsequent to conduct giving rise to the instant offense, those convictions cannot be used to apply the career offender enhancement. Williams further contends that if this court agrees that the career offender enhancement was inapplicable, he should be allowed to litigate the amount of drugs attributed to him. We turn first to the career offender issue.

## II.

■ To be categorized as a career offender, Williams must have sustained at least two felony convictions for either a crime of violence or a crime involving a controlled substance prior to committing the controlled

substance offense for which he is presently being sentenced. *See* U.S.S.G. § 4B1.1; *United States v. Bassil,* 932 F.2d 342, 346 (4th Cir.1991). Whereas Guideline application questions are subject to a due deference standard of review, because this issue involves a legal interpretation of the guideline section, "the standard moves closer to *de novo* review." *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989).

■ In this case, the district court found that Williams participated in the drug conspiracy for which he was being sentenced during 1988 and 1989. To classify Williams as a career offender, the district court used as predicate offenses his convictions for second degree burglary and attempted burglary, which he sustained on September 27, 1991, and October 23, 1991, respectively. Williams argues, and the Government concedes, that since he sustained the two convictions *subsequent* to participating in the drug conspiracy, those offenses cannot be used to enhance his sentence as a career offender. We agree.

Section 4B1.1 of the Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Sentencing Guidelines further define "two prior felony convictions" to mean that "the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense...." U.S.S.G. § 4B1.2(3)(A). Moreover, although the parties failed to direct the district court to the appropriate authority during the sentencing hearing, this court has previously held that convictions sustained subsequent to the conduct forming the basis for the offense at issue cannot be used to enhance a defen-

dant's status to career offender. *See Bassil,* 932 F.2d at 346. *Bassil* involved a defendant being sentenced for his part in a prison riot. The defendant had previously been convicted and sentenced for a crime of violence and was awaiting sentencing for a controlled substance offense at the time he participated in the riot. *Id.* The district court enhanced his sentence pursuant to § 4B1.1, but we vacated and remanded the sentence holding that, because the defendant had yet to be sentenced on the controlled substance offense, the judgment of conviction on that offense occurred subsequent to the riot. Therefore, the defendant should not have been classified as a career offender. *Id.*

Applying §§ 4B1.1, 4B1.2(3), and *Bassil* to this case, it is clear that Williams should not have been sentenced under the career offender provision since his convictions for both second degree burglary and attempted burglary occurred after he committed the drug conspiracy offense at issue here.*

### III.

■ Williams next argues that on remand he should be allowed to challenge the amount of drugs attributed to him at sentencing. Although Williams does not dispute that he stipulated to the drug amounts, he claims that the issue was preserved during the sentencing hearing. We disagree. During the sentencing hearing, defense counsel stated:

> Given the position of the presentence report with regard to career offender status and the guideline provisions with regard to career offender status, we are not in a position to litigate with regard to drug amounts in any respect unless and until we would prevail on a career offender status. So there is no objection before the Court this morning as to any amounts.

(S.A. at 201.) Although it appears that Williams attempted to preserve the drug amount issue if he prevailed on the career offender argument, the stipulation between the parties, entered into before the sentenc-

---

* Williams also contends that he should not have been classified as a career offender because the Government failed to establish that the burglary convictions were "crimes of violence." Because of our determination that the career offender enhancement was inapplicable to Williams, we need not address this argument.

ing hearing, unequivocally provided that Williams withdrew all objections to the drug amounts. Because of this clear stipulation, we find that Williams has waived his right to appeal on this issue, and we will not allow him to reopen it on remand. *See United States v. Davis,* 954 F.2d 182, 186–87 (4th Cir.1992).

## IV.

For the aforementioned reasons, we vacate and remand to the district court for resentencing consistent with this opinion.

*VACATED AND REMANDED*