41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas JARVIS, Defendant-Appellant.
 No. 94-5207.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 27, 1994.
Decided: Nov. 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-70-N)
 Howard M. Miller, ST. CLAIR, MILLER & MARX, P.C., Norfolk, VA, for appellant. Helen F. Fahey, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas Jarvis was convicted by a jury of conspiracy to traffic in cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), seven counts of possession of cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and five counts of interstate travel to promote an unlawful activity, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1994). On appeal, we vacated his conspiracy conviction on double jeopardy grounds and remanded for resentencing because Jarvis had previously been convicted in Florida of conspiracy based on conduct which was part of the same conspiracy charged in the instant offense. United States v. Jarvis, 7 F.3d 404 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3574 (U.S.1994). After a second sentencing hearing, the district court reimposed the same sentence of 262 months imprisonment. Jarvis now appeals his sentence, contending that the district court erred in finding him a career offender. He also alleges various errors in the criminal history calculation, and claims that the court improperly made an adjustment for obstruction of justice. We affirm.
 
 
 2
 At the first sentencing, the district court found that twenty kilograms of cocaine and seven pounds of marijuana were attributable to Jarvis. United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3(a)(2), 2D1.1 (Nov.1993). This resulted in a base offense level of thirty-four (15-50 kilograms of cocaine), increased by two levels for obstruction of justice (perjury), USSG Sec. 3C1.1, which yielded an adjusted offense level of thirty-six. Jarvis was in criminal history category IV, and his guideline range was 262-327 months.
 
 
 3
 The issue at the resentencing hearing was what effect the elimination of the conspiracy conviction would have on Jarvis' sentence calculation. The probation officer initially advised the district court that there would be no change, because all the drugs involved were relevant conduct and would still be used to compute the offense level.
 
 
 4
 Defense counsel argued that inclusion of the five kilograms Jarvis attempted to buy in Florida, the basis for the conspiracy conviction there, would subject him to double jeopardy. The probation officer advised the court that removal of the five kilograms would leave the adjusted offense level at thirty-six; however, in this case the Florida conviction would be counted as a second prior felony conviction for a controlled substance offense, and Jarvis would be sentenced as a career offender with a guideline range of 360 months to life. USSG Sec. 4B1.1.
 
 
 5
 The court then asked the probation officer to recalculate the offense level by eliminating the five kilograms and, in addition, the 1.5 kilograms contained in four counts which had been dismissed on the government's motion. The probation officer advised the court that under this calculation Jarvis' adjusted offense level would drop to thirty-four, but he would still be sentenced as a career offender using offense level thirty-seven, criminal history category VI, and a guideline range of 360 months to life. Without making a specific finding on the double jeopardy issue, or deciding whether Jarvis was a career offender, the district court reimposed the 262-month sentence it had previously imposed.
 
 
 6
 First, we find that Jarvis did not qualify as a career offender. Jarvis correctly points out that "two prior felony convictions," as defined in guideline section 4B1.2(3) means convictions sustained before the defendant committed the instant offense. See United States v. Williams, 29 F.3d 172 (4th Cir.1994). Although the Virginia indictment alleged a conspiracy from June 1988 to April 1991 (the date of the indictment), the conspiracy conviction was vacated on appeal. All the acts alleged in the indictment (including overt acts alleged in the conspiracy count) and relevant conduct described in the presentence report were completed by August 1990. Jarvis' Florida conviction in November 1990 came after the completion of all relevant conduct in the Virginia offense. The Florida conviction thus is not a "prior felony conviction," as defined in section 4B1.2(3), and Jarvis did not qualify as a career offender.
 
 
 7
 Moreover, application note 1 to guideline section 4A1.2 defines a "prior sentence" as: [A] sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of Sec. 1B1.3 (Relevant Conduct). Because the sentence imposed for the Florida conviction was for conduct which was part of the instant offense, it could not be included as a prior sentence in the criminal history calculation. Jarvis' criminal history score thus would remain at seven points (category IV) even if he were not sentenced as a career offender.
 
 
 8
 The district court clearly erred in excluding the 1.5 kilograms of cocaine in the dismissed counts from the offense level calculation because the court never made a finding that the 1.5 kilograms were not relevant conduct, and Jarvis did not provide any basis for such a finding. To the contrary, at the first sentencing the district court found that twenty kilograms of cocaine were attributable to Jarvis. Inclusion of the 1.5 kilograms would give Jarvis a total of at least fifteen kilograms and a final offense level of thirty-six. With criminal history category IV, the guideline range becomes 262-327, the range originally recommended by the probation officer and tacitly adopted by the district court when it re-imposed a 262-month sentence.
 
 
 9
 Because the offense level would not change whether the five kilograms charged in the Florida conspiracy were included or excluded in the recalculation of the offense level, we need not determine whether inclusion of the five kilograms would subject Jarvis to double jeopardy.* The five kilograms were relevant conduct in the Virginia offense because all of Jarvis' illegal acts, both in Virginia and in Florida, were completed before he was arrested in Florida. Therefore, the five kilograms he attempted to buy in Florida were part of the same course of conduct. See USSG Sec. 1B1.3(a)(2), comment. (n.8).
 
 
 10
 Jarvis made no objections to his criminal history score in the first sentencing proceeding, and did not make any of the objections he raises here during the resentencing hearing. Therefore, only plain error review is available, United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir.1993). None occurred.
 
 
 11
 Jarvis asserts that his October 1989 conviction for assault is not a prior offense because it occurred later than the last substantive act of which he was convicted, and that one point should be deducted from his criminal history score as a result. This argument is without merit because a "prior sentence" is one which is imposed prior to sentencing on the instant offense, not prior to the commission of the instant offense. USSG Sec. 4A1.2(a)(1), comment. (n.1).
 
 
 12
 Jarvis also claims that two points he received for committing the instant offense while he was on probation for the assault should be deducted because the last substantive act charged in the indictment occurred in May 1989 while the assault was in October 1989. However, two points are added if the defendant committed any part of the instant offense, including any relevant conduct, while on probation. USSG Sec. 4A1.1(d), comment. (n.4). Although the Virginia conviction for conspiracy was vacated, the conspiracy was still relevant conduct. USSG Secs. 1B1.3(a), 4A1.1, comment. (n.4). Jarvis continued his involvement in the conspiracy through at least January 1990 when he was arrested in Florida. Moreover, the assault was committed while Jarvis was on parole from a prior drug offense; his parole term expired in February 1990. Consequently, the two points were correctly given.
 
 
 13
 Jarvis alleges that the criminal history point he received for committing the instant offense within two years of his release from prison on August 7, 1986, should be deducted because his first substantive offense was not committed until late August 1988. According to the presentence report, Jarvis and co-conspirator Catherine Parker went to Miami in an attempt to purchase cocaine from Anibal Duarte in July 1988; Duarte agreed to sell to them in early August 1988. On these facts, which Jarvis did not dispute, the enhancement was properly given because the conspiracy (relevant conduct) began within two years of Jarvis' release. USSG Sec. 4A1.1(e), comment. (n.5).
 
 
 14
 In the first sentencing proceeding, Jarvis did not object to the recommended adjustment for obstruction of justice because of his perjury at trial, though he did argue unsuccessfully that he had accepted responsibility. At the second sentencing hearing, he raised neither issue. He now claims that in enhancing his sentence for obstruction of justice while denying him an acceptance of responsibility reduction the district court punished him twice. The claim is without merit because obstruction of justice normally precludes a finding of acceptance of responsibility. USSG Sec. 3E1.1, comment. (n.4).
 
 
 15
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Jarvis made the same double jeopardy argument concerning his sentence at the first sentencing and the district court decided against him. He did not raise the issue in the first appeal. The Second and Tenth Circuits have held that a defendant may not be convicted in one federal jurisdiction and receive a sentence enhancement in another federal jurisdiction where both are based on the same conduct. United States v. McCormick, 992 F.2d 437 (2d Cir.1993); United States v. Koonce, 945 F.2d 1145 (10th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). However, in United States v. Brown, --- F.3d ----, 1994 WL 398217 at * 8-9 (7th Cir. Aug. 1, 1994), the Seventh Circuit rejected the reasoning in Koonce and McCormick, holding that those decisions depended on Grady v. Corbin, 495 U.S. 508 (1990), since overruled by United States v. Dixon, 61 U.S.L.W. 4835 (U.S.1993). Brown finds no double jeopardy bar to enhancement of a sentence based on conduct for which the defendant has been separately prosecuted