UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

SPENCER REED,

        *Defendant-Appellant.*

No. 00-4782

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-460)

Submitted: May 31, 2001

Decided: August 6, 2001

Before WIDENER, WILKINS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Andrew D. Grimes, ANDREW D. GRIMES. P.A., Summerville, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Spencer Reed appeals his conviction and 240-month sentence pursuant to his guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Reed's indictment failed to state a specific drug quantity. However, Reed signed a plea agreement in which he stipulated to involvement with "not less than 50 grams" of cocaine base. Reed also stipulated to receiving a prior conviction that would enhance his sentence under 21 U.S.C. § 851 (1994), and to a minimum incarceration period of twenty years. Reed reaffirmed these stipulations at his plea hearing.

Reed was sentenced to twenty years incarceration under 21 U.S.C.A. § 841(b)(1)(A) (West 1999), and argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), he should have been sentenced under 21 U.S.C.A. § 841(b)(1)(C) (West 1999), because his indictment failed to state a drug quantity. Reed also argues the district court lacked jurisdiction to enhance his sentence under 21 U.S.C. § 851. We disagree.

Reed's sentence does not violate *Apprendi* because his twenty-year incarceration period does not exceed the statutory maximum set forth in §§ 841(b)(1)(C), 846. *United States v. Angle*, ___ F.3d ___, No. 96-4662, 2001 WL 732124, at *2 (4th Cir. June 29, 2001) (en banc); *United States v. Promise*, ___ F.3d ___, No. 99-4737, 2001 WL 732389, at *5 (4th Cir. June 29, 2001) (en banc); *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 2001 WL 185705 (U.S. Mar. 19, 2001) (No. 00-8591); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000).

Additionally, Reed fails to establish the district court lacked jurisdiction to enhance his sentence under 21 U.S.C. § 851. Reed stipulated to liability for a drug quantity and a prior criminal offense, mandating a twenty-year incarceration period. Reed is bound by the terms of his plea agreement. *United States v. Williams*, 29 F.3d 172, 174-75 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990); *United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*