# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JOSE LOUIS CARDOSA,
　　　　　*Defendant-Appellant.*

No. 00-4589

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-99-89-F)

Submitted: August 31, 2001

Decided: September 28, 2001

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Geoffrey Wuensch Hosford, HOSFORD & HOSFORD, Wilmington, North Carolina, for Appellant. Mary Jude Darrow, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Louis Cardosa appeals the sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Cardosa has filed a pro se supplemental brief. Finding no reversible error, we affirm.

On appeal, Cardosa claims his guilty plea was not knowing and voluntary and that his waiver of appellate rights is therefore not binding. Cardosa further claims the district court erred in determining the amount of drugs for which he was responsible at sentencing and in its application of the Sentencing Guidelines. A review of Cardosa's Fed. R. Crim. P. 11 plea hearing shows Cardosa knowingly and voluntarily waived his right to appeal. Because Cardosa waived his right to appeal, his challenge to the district court's application of the Sentencing Guidelines is waived. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Moreover, because Cardosa entered into an unambiguous stipulation regarding the quantity of drugs for which he was responsible, he has waived his right to appeal that issue. *United States v. Williams*, 29 F.3d 172, 174-75 (4th Cir. 1994).

Cardosa next contends his trial counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Cardosa's ineffective assistance claims are therefore not cognizable in this direct appeal.

Cardosa also contends the district court erred when determining his sentence after revocation of his supervised release. At the time of his

arrest for the instant offense, Cardosa was on supervised release following a twenty-four month sentence for conspiracy to possess with intent to distribute marijuana. Cardosa was convicted and sentenced for that crime in Florida. The District Court for the Middle District of Florida revoked his supervised release following his sentencing for the current conspiracy. Because Cardosa's supervised release was revoked by a Florida district court, this court has no jurisdiction to consider an appeal from that decision. *See* 28 U.S.C. § 1294 (1994).

Cardosa raises several other claims in his pro se supplemental brief, including claims based on double jeopardy and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). A review of the record shows these claims to be without merit.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Cardosa's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*