**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4111**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIO DEJESUS PEREZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-98-65)

———————

Submitted: June 24, 2004          Decided: June 30, 2004

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dario DeJesus Perez pled guilty to conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base (crack), 21 U.S.C. § 846 (2000) (Count One), and conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West Supp. 2004). He received a sentence of 135 months imprisonment. Perez appeals his sentence,[*] arguing that the district court plainly erred in permitting his attorney to withdraw his objections to the presentence report. We affirm.

Perez initially objected to the 150 kilograms of cocaine attributed to him as relevant conduct in the presentence report and to the lack of a minor role adjustment. U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(1), 3B1.2 (1998). At the sentencing hearing, he withdrew his objections and stipulated to the drug amount and role attributed to him. The government in turn withdrew its objection to the application of the safety valve provision. USSG § 2D1.1(b)(6). The district court then adopted the presentence report.

On appeal, Perez contends that the district court plainly erred in failing to establish the facts underlying the stipulation. Because no issue was disputed, the district court was free to adopt

---

[*]After Perez filed a motion under 28 U.S.C. § 2255 (2000), the district court vacated and reinstated the judgment to permit him a timely appeal. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

- 2 -

the recommended findings in the presentence report without further inquiry, <u>United States v. Terry</u>, 916 F.2d 157, 162 (4th Cir. 1990), and did not err in doing so.  <u>United States v. Williams</u>, 29 F.3d 172, 174-75 (4th Cir. 1994) (stipulation resolved drug amount issue).  Moreover, the government explained that its information concerning Perez's involvement in the conspiracy arose from wiretapped conversations of other conspirators.  Some of the conversations were with Perez and some were about him.  The government also relied on statements later provided by certain conspirators.  Perez did not challenge the accuracy or reliability of the government's information.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -