**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4062**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GLEN RANDELL RATHBONE,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CR-02-105)

———————————

Submitted:  February 28, 2006       Decided:  March 28, 2006

———————————

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Glen Randell Rathbone appeals his conviction and sentence to 235 months in prison and five years of supervised release following his guilty plea on one count of conspiracy to possess with intent to distribute at least fifty grams of cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000). Rathbone's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a letter pursuant to Fed. R. App. P. 28(j), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court erred under United States v. Booker, 543 U.S. 220 (2005), when sentencing Rathbone at the low end of a stipulated sentencing range. The Government asserts that Rathbone waived his appellate rights. Rathbone has been informed of his right to file a pro se supplemental brief but has not done so. Because we conclude Rathbone waived his appellate rights, we affirm his conviction and sentence.

Whether a defendant has effectively waived his right to appeal is a matter of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). When the Government seeks to enforce a waiver of appellate rights, and there is no claim the Government breached the parties' agreement, we will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver.

<u>Id.</u> at 168-69.  An appeal waiver is not knowing or voluntary if the district court fails to specifically question the defendant concerning the waiver and the record indicates that the defendant did not otherwise understand its full significance.  <u>See</u> <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 461 (2005).

Following his guilty plea, Rathbone objected to the amount of cocaine base attributed to him in the presentence report and accordingly, to the determination of his base offense level under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(1) (2002).  However, Rathbone and the Government agreed and stipulated to a lesser drug amount and final offense level in open court at sentencing.  The district court accepted the stipulation and sentenced Rathbone to the low end of his stipulated guideline range based on the lower drug amount.  Accordingly, Rathbone waived his right to appeal this issue.  <u>See</u> <u>United States v. Williams</u>, 29 F.3d 172, 174-75 (4th Cir. 1994).  Moreover, the parties' stipulation included Rathbone's explicit waiver of his right to appeal, except for claims of ineffective assistance of counsel or prosecutorial misconduct, and the district court specifically questioned Rathbone concerning the waiver and confirmed his understanding and agreement to the waiver at his sentencing hearing.  Rathbone does not allege any claims of ineffective assistance or prosecutorial misconduct, and no such claims are supported by the record before us on appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rathbone's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>