**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4397**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES CLEVELAND JORDAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (1:05-cr-00358-JAB-2)

---

Submitted:  November 30, 2006        Decided:  December 28, 2006

---

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Christopher A. Beechler, LAW OFFICES OF CHRISTOPHER A. BEECHLER, P.C., Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Cleveland Jordan appeals the 168-month sentence imposed by the district court after he pled guilty to distribution of 37.3 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2000). Jordan's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Jordan's sentence but stating that, in his view, there are no meritorious issues for appeal. Jordan has filed a pro se supplemental brief raising several issues. We affirm.

Counsel questions whether Jordan's sentence is too severe but, citing United States v. Porter, 909 F.2d 789 (4th Cir. 1990), asserts that this court does not have jurisdiction to review sentences within a properly calculated sentencing guidelines range. This court rejected that argument in United States v. Montes-Pineda, 445 F.3d 375, 377-78 (4th Cir. 2006) (holding that appellate courts have jurisdiction under 18 U.S.C.A. § 3742 (West 2000 & Supp. 2006), to review for reasonableness a sentence within advisory guideline range), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, a court still must calculate the applicable guideline range after making the

- 2 -

appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

In his pro se supplemental brief, Jordan challenges the district court's classification of him as a career offender. Jordan did not object to this classification in the district court. Thus, our review of this issue is for plain error. See Hughes, 401 F.3d at 547-48, 555 (discussing plain error standard of review).

Jordan asserts that his prior North Carolina felony conviction for breaking and entering did not qualify as a crime of violence. However, the record belies Jordan's claim. See U.S. Sentencing Guidelines Manual § 4B1.2 (2005) (defining "crime of violence"); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (noting that North Carolina conviction for breaking and entering qualified as predicate violent felony offense for purposes of Armed Career Criminal Act), cert. denied, 126 S. Ct. 1463 (2006).

- 3 -

Jordan also asserts that the district court erroneously counted his state conviction for assault inflicting serious bodily injury as a predicate offense for career offender purposes given that he committed that offense on September 2, 2005, which was after he distributed cocaine on July 21, 2005, the conduct that formed the basis of the instant offense. We agree. See USSG § 4B1.2(c); United States v. Williams, 29 F.3d 172, 174 (4th Cir. 1994) (holding that "convictions sustained subsequent to the conduct forming the basis for the offense at issue cannot be used to enhance a defendant's status to career offender"). Although the assault conviction did not qualify as a predicate offense, the district court nevertheless properly classified Jordan as a career offender. Jordan's criminal history also included a North Carolina felony conviction for possession of cocaine, which qualified as a controlled substance offense. We therefore find that the district court properly designated Jordan as a career offender and established an advisory sentencing guideline range of 151 to 188 months of imprisonment.

The district court sentenced Jordan as a career offender only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. In addition, Jordan's 168-month sentence is well within the twenty-year statutory maximum sentence. See 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2006). Finally, neither Jordan nor the record suggests any

information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable. See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) ("[A] sentence within the proper advisory Guidelines range is presumptively reasonable.").

Jordan's remaining claims in his pro se supplemental brief need not detain us long. Although Jordan asserts that he should have been appointed an attorney when the Government lodged a detainer against him with state authorities, the right to counsel had not attached at the time the detainer was filed. See Kirby v. Illinois, 406 U.S. 682, 689 (1972); United States v. Alvarado, 440 F.3d 191, 194 (4th Cir.), cert. denied, 127 S. Ct. 81 (2006). Finally, with regard to Jordan's claim that counsel provided ineffective assistance, we decline to review this claim on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (providing standard), cert. denied, 126 S. Ct. 1407 (2006).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Jordan's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED