**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-5065**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RAYMOND O. LEECH, a/k/a Neil,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.   (1:06-cr-00427-WDQ-2)

---

Submitted:  April 30, 2012                 Decided:  May 23, 2012

---

Before TRAXLER, Chief Judge, and DUNCAN and KEENAN, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gerald C. Ruter, THE LAW OFFICES OF GERALD C. RUTER, P.C.,
Baltimore, Maryland, for Appellant.   Michael Clayton Hanlon,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond O. Leech appeals the 151-month sentence imposed by the district court following this court's remand for resentencing. On appeal, Leech's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of the sentence. Leech filed a pro se supplemental brief, in which he raises several challenges to his conviction and sentence, including a challenge to the district court's determination of the quantity of drugs for which he was held accountable for sentencing purposes. Finding no error, we affirm.

Both Leech and his counsel question the reasonableness of Leech's sentence. In reviewing a sentence, we must first ensure that the district court did not commit any significant procedural error, such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Sentencing Guidelines range, we presume it is reasonable. United States v.

2

Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in sentencing Leech to 151 months' imprisonment, a sentence within the applicable Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review); United States v. Williams, 29 F.3d 172, 174-75 (4th Cir. 1994) (holding that defendant's stipulation to drug amounts prior to sentencing waived right to appeal issue).

Turning to Leech's remaining pro se issues, we conclude that the district court permitted Leech to fully allocute at the resentencing hearing, as was his right. United States v. Muhammad, 478 F.3d 247, 250 (4th Cir. 2007) (holding that defendant "ha[s] a renewed right to allocute at resentencing"). Additionally, Leech is foreclosed from challenging his conviction in this appeal, because we affirmed his conviction in a prior proceeding and no exceptions exist permitting Leech to now raise these foreclosed claims. See United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (discussing mandate rule).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Leech, in writing, of his right to petition the Supreme Court of the United States for further review. If Leech requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leech. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>