**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5096**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LONNIE HEYWARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:10-cr-01197-DCN-4)

———————

Submitted:  May 31, 2012                Decided:  June 5, 2012

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Douglas H. Westbrook, Charleston, South Carolina, for Appellant. William Nettles, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Heyward appeals from the fifty-seven-month sentence imposed after he pleaded guilty, pursuant to a written plea agreement, to conspiracy to make and pass counterfeit business checks. Heyward argues on appeal that the district court erred in holding him accountable for a loss of $409,558.66 involving over fifty victims, and increasing his offense level based on these findings. He also argues that the court erred in assessing one criminal history point for a time-served sentence and that he should have received a downward variance sentence since he alleged that he did not receive profits from the scheme. Finding no error, we affirm.

Our review of the record reveals that the district court properly determined Heyward's total offense level, criminal history category, and Sentencing Guidelines range. Although Heyward challenges on appeal the district court's determination of the amount of loss, Heyward waived his right to contest that issue by stipulating to the value in the factual basis supporting the plea agreement. See United States v. Williams, 29 F.3d 172, 174-75 (4th Cir. 1994) (holding that defendant's stipulation to drug amounts prior to sentencing waived right to appeal issue).

Heyward also challenges the number of victims involved. This court reviews a district court's determination

2

of the number of victims for clear error. <u>United States v. Castner</u>, 50 F.3d 1267, 1274 (4th Cir. 1993). We conclude that Heyward's acknowledgment of the loss amount at the Fed. R. Crim. P. 11 hearing, coupled with the case report listing the victims and associated loss, is sufficient to establish the number of victims enhancement. The court did not clearly err.

Further, the court did not err in assessing a criminal history point for Heyward's April 8, 2004 sentence for driving under suspension. <u>See</u> U.S. Sentencing Guidelines Manual § 4A1.2, comment.(n.2) (2010). Therefore, the court did not commit procedural error.

Once the court has determined that there is no procedural error, it must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." <u>United States v. Gall</u>, 552 U.S. 38, 51 (2007). If the sentence imposed is within the appropriate Guidelines range, this court may consider it presumptively reasonable. <u>United States v. Mendoza-Mendoza</u>, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [2006] factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Heyward argues that he should have received a downward variance sentence because he allegedly did not receive a financial gain from the conspiracy and his only motive was to protect his children. Because the district court imposed a within-Guidelines sentence, it is deemed by this court to be presumptively reasonable. See Mendoza-Mendoza, 597 F.3d at 216. Heyward has not rebutted that presumption. Therefore, the district court committed no reversible substantive error in sentencing Heyward to fifty-seven months' imprisonment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED