**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4186**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

GEOFFREY ALEXANDER RAMER, a/k/a Geoffrey Alexander Ramer-
Mesen,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:14-cr-00022-MOC-1)

_____

Submitted:  November 30, 2016      Decided:  February 3, 2017

_____

Before GREGORY, Chief Judge, and KING and KEENAN, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

C. Fredric Marcinak, III, SMITH MOORE LEATHERWOOD, LLP,
Greenville, South Carolina, for Appellant. Jill Westmoreland
Rose, United States Attorney, Amy E. Ray, Assistant United
States Attorney, Leslie R. Caldwell, Assistant Attorney General,
Sung-Hee Suh, Deputy Assistant Attorney General, Jeremy R.
Sanders, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Based on his role in an international telemarketing scam, Geoffrey Alexander Ramer pled guilty to conspiracy to commit wire fraud, eight counts of wire fraud and aiding and abetting, conspiracy to commit money laundering, and four counts of international money laundering and aiding and abetting. The district court sentenced Ramer to 108 months' imprisonment, and he now appeals, challenging the district court's calculation of his Sentencing Guidelines range and the procedural reasonableness of his sentence. We affirm.

Ramer first argues that the Government failed to present evidence at his sentencing hearing regarding his leadership role, the number and vulnerability of victims, and the amount of loss attributable to him. However, we conclude that Ramer has waived appellate review of these claims. We have recognized that "[a] party who identifies an issue, and then explicitly withdraws it, has waived the issue." United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "[W]hen a claim is waived, it is not reviewable on appeal, even for plain error." Id.; see also United States v. Williams, 29 F.3d 172, 174-75 (4th Cir. 1994) (holding that sentencing stipulation on issue waives right to appeal that issue).

Ramer raised these Guidelines calculation issues in his objections to the presentence report, and he later agreed to a sentencing stipulation that specifically resolved his objections. Indeed, defense counsel agreed at Ramer's sentencing hearing that the sentencing stipulation resolved all of Ramer's objections to the presentence report and even relied on the stipulation to argue for a lesser sentence. We find it disingenuous for Ramer to now claim that the Government was required to introduce evidence at the sentencing hearing on these issues.

Moreover, contrary to Ramer's argument, the Supreme Court's decision in Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), does not require us to review his waived arguments. In Molina-Martinez, the Supreme Court observed that "a court of appeals has discretion to remedy a forfeited error," or an error that "has not been intentionally relinquished or abandoned." Id. at 1343. Here, by agreeing to the sentencing stipulation, Ramer "intentionally relinquished" his ability to appeal the Guidelines calculation issues that he now argues. Id.

Next, Ramer contends that his sentence is procedurally unreasonable for two reasons. First, Ramer asserts that the district court failed to consider any of the 18 U.S.C. § 3553(a) (2012) factors other than deterrence. Second, Ramer argues that

the district court neglected to address his arguments for a downward variance.

A sentence is procedurally reasonable if the district court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the § 3553(a) factors, and sufficiently explains the selected sentence. Gall v. United States, 552 U.S. 38, 49-51 (2007). As we have explained, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," such that we need "not guess at the district court's rationale." Id. at 329, 330 (internal quotation marks omitted). Furthermore, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks omitted).

Insofar as Ramer contends that the district court failed to properly consider the § 3553(a) factors by only addressing the

4

need for deterrence, we find that Ramer's argument is meritless. Although the district court's statements in imposing sentence were heavily focused on general deterrence, the court also discussed Ramer's personal characteristics, the seriousness of the offense, and the need to protect the public from Ramer. Cf. United States v. Pauley, 511 F.3d 468, 476 (4th Cir. 2007) (recognizing that district court may "reasonably accord significant weight to a single sentencing factor in fashioning its sentence"). The district court clearly recognized that it must consider the § 3553(a) factors and did so. The district court was not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Therefore, we conclude that the district court did not commit procedural error in its consideration of the § 3553(a) factors.

Turning to Ramer's second procedural unreasonableness argument, Ramer does not specifically identify the downward variance arguments that the district court failed to address, but defense counsel requested a variance based on Ramer's personal history and characteristics, including his intelligence and education, and the tragedy of his mother's murder. Defense counsel also argued in mitigation that Ramer intermittently left Costa Rica while the scheme was ongoing, that he did not

5

substantially profit from the scheme, and that he did not particularly target elderly persons.

After some discussion with defense counsel, the district court stated that it would not go below the stipulated Guidelines range. While the district court did not discuss each of Ramer's arguments for a downward variance in rejecting his request, the court's remarks reflect that it considered Ramer's personal characteristics and his offense conduct in fashioning his sentence. Therefore, we conclude that the district court sufficiently addressed Ramer's arguments for a downward variance. Moreover, even assuming that the district court erred, we find that the Government has demonstrated any error to be harmless. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (providing harmless error standard).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED